UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:07CV-P35-R

**CHRISTIAN WHEELER**                                                                                           **PLAINTIFF**

**v.**

**WILLIAM BUD KNIGHT**                                                                                       **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff, Christian Walker, filed this civil rights action under 42 U.S.C. § 1983 (DN 1). The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Plaintiff has sued the Adair County Jail and its Jailer, William Bud Knight, in both his official and individual capacity. Plaintiff claims that while in segregation in September 2006 he was denied his Lithium medication and was not allowed to see a physician after he noticed blood in his stool. He also alleges that he was denied the right to receive or send mail while in segregation. For the reasons set forth below, the Court will dismiss Plaintiff's official capacity claims against Defendant Knight and all of his claims against the Adair County Jail, but will allow Plaintiff's individual capacity claims against Defendant Knight to proceed for further development.

### I. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A ; *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court

may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## II.  ANALYSIS

### A.   Official Capacity Claims

Plaintiff has sued Defendant Knight in his official capacity. If an action is brought against an official of a governmental entity in his "official capacity," the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, in the case at bar, Plaintiff's official capacity claims against Defendant Knght are actually brought against Adair County. When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is

responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

Even if the Court assumes that Plaintiff has alleged a recognized constitutional violation, he has failed to allege that the municipality is responsible for the conduct.  "A plaintiff seeking to hold a municipality liable under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."  *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997).  "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality."  *Id.* at 403-04.  "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law."  *Id.* at 404.  "Beyond having to identify 'conduct properly attributable to the municipality itself,'" *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003) (quoting *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 404), a plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the moving  force behind the injury alleged." *Cherrington*, 344 F.3d at 645 (quoting *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 404) (internal quotation marks omitted).  For the purpose of initial review, it suffices to allege that an individual officer's conduct conformed to official policy or custom.  *Leatherman v. Tarrant Co. Narcotics Unit*, 507 U.S. 163, 165 (1993).  Here, there are no allegations from which the Court may infer that a municipal policy or custom was responsible for the alleged deprivation of Plaintiff's constitutional rights.  The complaint simply does not support a § 1983 claim against Defendant Knight in his official capacity.

**B.     Adair County Jail**

The Adair County Jail is not a "person" subject to suit under § 1983 as municipal departments, such as jails, are not amendable to suit under § 1983.  *See Rhodes v. McDannel*, 945

F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983).

### C.     Remaining Claims Against Defendant Knight

#### 1.     Mail claim

Plaintiff alleges that while in segregation, Defendant Knight barred him from sending and receiving mail. While some curtailment of an inmate's right to correspond may be necessary for the proper administration of the prison system, a total ban on sending and receiving mail by a prison or jail is a violation of First Amendment rights still retained by prisoners. *See Preston v. Cowan*, 369 F. Supp. 14, 23 (W.D. Ky. 1973), *aff'd in part and vacated in part on other grounds*, 506 F.2d 288 (6th Cir. 1974). The Court will allow this claim to proceed against Defendant Knight in his individual capacity for further development.

#### 2.     Medical Treatment Claims

Plaintiff alleges that Defendant Knight refused to administer Plaintiff's Lithium to him and refused to allow him to see a doctor concerning blood in his stool. It is unclear whether Plaintiff was a pretrial detainee or a convicted prisoner during his time at the Adair County Jail. However, this is largely a distinction without a difference. "As the Eighth Amendment does not apply to pretrial detainees [] this right to adequate medical treatment attaches through the Due Process Clause of the Fourteenth Amendment, which affords pretrial detainees rights 'analogous' to those of prisoners." *Linden v. Washtenaw County*, 167 Fed. Appx. 410, 415 (6th Cir. 2006) (citing *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001)). As such, the Eighth Amendment test is applied to pretrial detainees. *Id.* In order for a claim to rise to the level of an Eighth Amendment violation, "a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837-38

(1994) (citations omitted).  The Court will also allow Plaintiff's deliberate indifference claims to proceed against Defendant Knight in his individual capacity.

The Court will enter separate Orders consistent with this Memorandum Opinion.

Date:

cc:    Plaintiff, *pro se*
       Defendant Knight
       Adair County Attorney

4413.008