UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:07-CV-035-TBR

**CHRISTIAN WHEELER**                                                                              **PLAINTIFF**

**v.**

**WILLIAM KNIGHT**                                                                                 **DEFENDANT**

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant's Motion for Summary Judgment (Docket # 32). Plaintiff responded (Docket #33) and Defendant replied (Docket #34). This matter is now ripe for adjudication. For the following reasons, Defendant's Motion is GRANTED.

BACKGROUND

Plaintiff Christian Wheeler filed this civil rights action under 42 U.S.C. § 1983. Wheeler claims that Defendant Jailer William "Bud" Knight violated his First and Eighth Amendment rights by barring him from sending or receiving mail and by refusing him medical treatment.[1]

The Court's understanding of Wheeler's allegations, based on his Complaint and his deposition testimony, is summarized as follows. The events in question occurred between February and September 2006. Wheeler specifically refers to two grievances, one allegedly submitted on March 7, 2006, and one allegedly submitted on September 20, 2006.

On or about February 2006, Wheeler was prescribed lithium. He claims that he was

---

[1] On August 21, 2007, the Court dismissed Wheeler's official capacity claims against Knight and all of his claims against Adair County Jail, but allowed his individual capacity claims against Knight to proceed.

denied medical treatment and that Knight refused to allow him to see a doctor in order to have his lithium levels checked. This claim formed the basis of Wheeler's March 7, 2006, grievance.

Sometime thereafter, Wheeler was admitted to the Adair County Hospital. While at the hospital, Wheeler claims that Knight threatened him with retribution when he returned to the jail. Allegedly in fear for his safety, Wheeler escaped from the hospital. He was apprehended around September 2006.

After being apprehended, Wheeler was placed in segregation. While in segregation, Wheeler noticed blood in his stool. He claims that he was initially denied medical care, and only taken to the hospital after his mother complained to the local newspaper. Wheeler was again placed in segregation upon return from the hospital. He claims that while in segregation he was not permitted to send or receive mail. He also claims that he was denied medical care again when Knight would not permit him to see a doctor to check his lithium levels. In late September, Wheeler received a psychological evaluation. These claims formed the basis of his September 20, 2006, grievance.

Wheeler's deposition testimony also includes allegations of additional violations not stated in his Complaint, such as: being denied medical care generally, being slapped on the nose by Knight's son-in-law, being refused medical care for brown recluse spider bites after being placed in a bloody cell, being refused copies of grievances, being refused grievance forms, being refused paper to write grievances, being denied response to grievances, jailers setting fire to another inmate while he was in bed, being dragged, grabbed, and thrown into a car by Knight, being threatened by placement in segregation for asking for medication, and being placed in an overcrowded cell.

Defendant argues that he is entitled to summary judgment because Wheeler has not demonstrated that Knight barred him from sending or receiving mail or refused him appropriate medical care. Defendant also argues that Wheeler failed to exhaust available administrative remedies.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

DISCUSSION

*A.   Mail Claim*

Plaintiff alleges that while in segregation, Defendant Knight barred him from sending and receiving mail. "A prisoner has some First Amendment rights to receive mail," *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996), but "[a] prisoner's right to receive mail is subject to prison policies and regulations that are 'reasonably related to legitimate penological interests,' such as 'security, good order, or discipline of the institution,'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citations omitted). A total ban on sending and receiving mail by a prison or jail would be a violation of prisoners' First Amendment rights. *See Preston v. Cowan*, 369 F. Supp. 14, 23 (W.D. Ky. 1973), *aff'd in part and vacated in part on other grounds*, 506 F.2d 288 (6th Cir. 1974). However, exigent circumstances may justify a total ban for specific prisoner. *See Martucci v. Johnson*, 944 F.2d 291, 296 (6th Cir. 1991) (finding decision to withhold incoming and outgoing mail for prisoner believed to be planning an escape was legitimate). Prison officials bear the burden of putting forth legitimate reasons for interfering with a prisoner's mail. *See Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986).

Here, Defendant does not seek to justify any restriction of Wheeler's mail, rather, Defendant indicates that he did not restrict Wheeler's mail. Defendant argues that Wheeler's mail claim should be dismissed because Wheeler has not presented any genuine issue of material fact or even included allegations regarding restriction of mail in his response brief.

Plaintiff states in his Complaint that while in segregation in September 2006, he was barred from sending or receiving mail. His deposition only refers to his mail claim once, when he again asserted that he was not allowed "to mail a letter, receive a letter, I was denied a pencil,

4

I was denied paper." Transcript of Deposition of Christian Wheeler at 38, *Wheeler v. Knight*, No. 1:07-cv-035 *(*Docket No. 21). Because the record contains no other specific facts or evidence to support Wheeler's claim, the Court finds that Wheeler has not presented evidence on which the trier of fact could reasonably find for the Plaintiff.

     *B.*     *Medical Treatment Claims*

Wheeler also alleges that he was denied medical treatment when Knight refused to allow him to see a doctor in order to have his lithium levels checked in March 2006 and September 2006, and when Knight refused to allow him to see a doctor after he noticed blood in his stool in September 2006.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). In order for a claim to rise to the level of an Eighth Amendment violation, "a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837-38. Therefore, to prove a prison official is liable under the Eighth Amendment for denial of medical treatment, the prisoner must first demonstrate the existence of a "sufficiently serious" medical need. *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005). The prisoner must also demonstrate that the prison official subjectively possessed "'a sufficiently culpable state of mind in denying medical care.'" *Id.* (quoting *Farmer*, 511 U.S. at 834). "The prison official's state of mind must evince 'deliberateness tantamount to intent to punish.' 'Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of

5

deliberate indifference'" *Id.* (quoting *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994)).

Defendants argue that Wheeler has not presented evidence of a serious medical condition, deliberate indifference on behalf of Knight, or awareness by Knight of a substantial risk of serious harm. In his response, Wheeler refers to his deposition and states that he has demonstrated the merits of this matter. Wheeler states that the jail's doctor can testify that Knight was instructed to bring Wheeler to the doctor for treatment, which he refused to do "until he was sternly instructed to a second time." He also states that multiple witnesses overheard Knight threaten Wheeler when Wheeler was in the hospital. He states that multiple witnesses can also testify that Knight's threats were a common practice.

The Court cannot ascertain from the evidence presented whether Wheeler's medical needs were objectively serious. He does little more than assert in his deposition that checking lithium levels is important because lithium can build up in a person's body and become deadly. He does not discuss the seriousness of bloody stools. Defendant, however, also does not discuss whether either of those conditions are sufficiently serious. Therefore, resolving all ambiguities and drawing all reasonable inferences against Defendant, the Court finds there is still a genuine issue of material fact as to whether Wheeler's medical needs were objectively serious.

Wheeler has made allegations that, if proven, could demonstrate that Knight was deliberately indifferent to his medical needs. Knight's alleged threats and punishments for requesting medical care could evince the requisite deliberateness to prove an Eighth Amendment violation. Wheeler has testified that he repeatedly informed Knight and other jailers of his medical needs, and also that Knight was informed by the doctor of Wheeler's medical needs.

6

Wheeler has not demonstrated, however, that he was actually denied medical treatment. According to Wheeler's Complaint and testimony, he was admitted to the hospital after his complaints in March 2006. Similarly, he was treated in September and October 2006 after his complaints in September 2006. Defendant has also submitted records of Wheeler's medical treatment. Wheeler's claims that Knight punished him for requesting medical care, and that Knight delayed medical care, do not rise to the level of the Eighth Amendment denial of medical treatment violation he alleges.

C.     *Exhaustion*

Defendant makes a superficial argument that Wheeler's claims are barred by a failure to exhaust available administrative remedies. The Court does not need to address this argument because it finds that Defendant is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED. An appropriate order shall issue.